SCOTT, APPELLANT, *v.* LONG, APPELLEE.

(No. 2517—Decided October 15, 1959.)

Mr. *Melvyn A. Scott*, for appellant.
Messrs. *Curtner, Brenton & Selva*, for appellee.

KERNS, J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Montgomery County, Ohio.

On June 9, 1956, plaintiff, appellant herein, owned an automobile which was parked at the south curb of Cornell Drive in front of his home when it was struck and damaged by an automobile driven by defendant, appellee herein.

On August 13, 1956, plaintiff filed a petition for damages, invoking the doctrine of *res ipsa loquitur*. Thereafter, defendant filed an answer in which he generally denies the allegations of the petition.

The matter came on to be heard by the court, a jury being waived, and the plaintiff called the defendant for cross-examination. During the cross-examination, defendant testified that he had suffered a "blackout," was unconscious at the time of the collision, and did not know anything about the accident. Plaintiff's only other witness was his wife who had talked to the defendant a short time after the collision. Her testimony to some extent corroborated the defendant's claim of "blackout."

At the close of plaintiff's case, the defendant moved for judgment, which motion was overruled. The hearing was then recessed for a period of some 30 days by agreement of counsel and for the convenience of the court.

When the hearing was resumed, defendant was called for direct examination and again testified that he was unconscious at the time of the collision and therefore knew nothing about the accident. After further testimony by his wife, defendant rested and moved to amend the answer to conform with the evidence. Plaintiff then moved to strike the defendant's testimony for the reason that the defense of "blackout" was not available under the pleadings.

We are in accord with plaintiff's contention that the answer should have included the defense of "blackout." And the burden of proof as to such defense rested upon the defendant. *Lehman v. Haynam*, 164 Ohio St., 595, 133 N. E. (2d), 97.

However, plaintiff proceeded to try this cause without re-

gard for any defects in the pleadings. He registered no objection when first met with the defense of "blackout" but, on the contrary, proceeded to develop such defense in his case in chief. No motion was made for a continuance. Upon the presentation of defendant's case, plaintiff permitted the defendant to testify further about the "blackout" without objection and then proceeded with a detailed cross-examination on the same subject.

Plaintiff, having thus elected to try the case on the only issue raised, cannot avail himself of objections to all the testimony affecting such issue after the trial concluded, merely because the evidence adduced militates against him. The trial court, therefore, properly overruled the motion to strike.

Only three witnesses were called during the course of the trial, and the testimony of each reflected almost exclusively upon the defense of "blackout."

Under such circumstances, it appears that the trial court would have been justified in allowing the defendant to amend his answer to conform with the facts proved.

We fully appreciate the difficulty encountered in overcoming a claim of unconsciousness as a defense against a claim of negligence, but the limited testimony offered by both plaintiff and defendant in this case weighs heavily in favor of such defense. *Lehman* v. *Haynam, supra*; *Weldon Tool Co.* v. *Kelley*, 81 Ohio App., 427, 76 N. E. (2d), 629; 28 A. L. R. (2d), 35, Section 15.

The judgment is, therefore, affirmed.

*Judgment affirmed*

WISEMAN, P. J., and CRAWFORD, J., concur.