**FIRST CITY NATIONAL BANK OF HOUSTON, Executor of the Estate of C. M. Dow, Deceased, Appellant,**

v.

**E. C. JAPHET, Appellee.**

No. 14499.

Court of Civil Appeals of Texas.

Houston.

April 15, 1965.

Rehearing Denied May 6, 1965.

Fulbright, Crooker, Freeman, Bates & Jaworski, and Tom Connally, Houston, for appellant.

Barrow, Bland, Rehmet & Singleton, and R. F. Wheless, Jr., Houston, for appellee.

WERLEIN, Justice.

Appellee, E. C. Japhet, brought this suit against the executor of the Estate of C. M. Dow, Deceased, to recover for damages caused by Mr. Dow's automobile to a tree, shrubbery and a brick wall on appellee's premises located at the southwest corner of Kirby Drive and Del Monte in Houston, Texas. The evidence shows that Mr. Dow was driving his Cadillac in a southerly direction on Kirby Drive; that the car ran over a curbed grass plot, or island, on the west side of Kirby, such island separating traffic moving in a westerly direction into Del Monte from the traffic moving in an easterly direction from Del Monte into Kirby Drive, and then proceeded to cross the southern portion of Del Monte and to run over the curb and south sidewalk thereof and to traverse appellee's premises, causing the damage complained of. At the conclusion of all the evidence, the trial court instructed a verdict in favor of appellee in the sum of $740.00, the agreed amount of damages to his property.

Appellant contends that the trial court erred in granting appellee's motion for an instructed verdict and also in overruling its motion for an instructed verdict; that

the occurrence was the result of an act of God or an unavoidable accident; that there was evidence from which the jury could have believed that Mr. Dow was suddenly incapacitated or was dead at the time his automobile entered the premises of appellee and there was no allegation or proof that Mr. Dow was engaged in an extra hazardous activity and no evidence of negligence on the part of Mr. Dow or intentional act resulting in trespass.

When the witness, McFarland, reached the car some five minutes after the occurrence, he saw the body of Mr. Dow slumped down on the seat of the automobile, partly behind the steering wheel. He heard no breathing and observed no movement of the body. He estimated the distance from the tire marks on the south curb of Del Monte back to the brick fence on appellee's premises at approximately 75 feet, and from the curbed island to the south curb of Del Monte at about 35 feet. Appellee testified that on April 18 at about 7:15 p. m. he heard a thud. He believed he heard it twice— once when the Cadillac hit his terrace and again when it struck the tree and wall where it was resting. He went outside and saw a person behind the steering wheel in the car with his head slumped over. He had some abrasions and blood on his forehead which may have been caused by flying glass.

The opinion of the medical examiner of Harris County was admitted by agreement. It reads as follows:

"It is our opinion that the decedent, Charles Milby Dow, came to his death as a result of acute cardiac failure, due to calcific aortic stenosis.

"It cannot be determined medically whether said failure occurred prior or after C. M. Dow left the roadway and went into Mr. Japhet's yard."

Dr. Paul V. Ledbetter, a specialist in pericardo-vascular diseases, or diseases of the heart and arteries, testified in substance that Mr. Dow had become a patient of his

in 1954, at the age of 51 years, and that he would come every year or so for a general examination; that he had come to see him every 10 days or two weeks at one time before his death; that Mr. Dow never did have a heart attack prior to the time of his death, but he had congestive heart failure; that he had advised Mr. Dow that he could drive his car as it would involve no labor; that he had seen Mr. Dow at 2 o'clock on the day of his death and Mr. Dow advised him he felt better; that there was nothing to put him or a heart specialist on guard with regard to a cardiac arrest; that he would assume that something very suddenly occurred that caused Mr. Dow's death; and that he would think that a ventricular fibrillation occurred, so that blood would no longer be sent properly up to his brain, causing loss of consciousness and death.

There is no direct evidence showing when or where Mr. Dow lapsed into unconsciousness or died. Appellant asserts that Mr. Dow had his heart attack and became unconscious before the car entered upon the premises of appellee and damaged appellee's property. Appellee, on the other hand, takes the position that when the automobile jumped the curb and ran over the sidewalk in violation of a City ordinance, and damaged appellee's property, appellee established a prima facie case of liability sounding in tort, and that then the burden of proof fell upon appellant to establish that Mr. Dow died or became unconscious and wholly incapacitated prior to the time the car entered appellee's premises and damaged the same. Appellee contends that appellant had not met its burden of proof, and had failed to raise an issue of sudden incapacity prior to the trespass, and therefore the court properly instructed a verdict in his favor.

Appellee cites Restatement of the Law of Torts, Section 165, which reads as follows:

"One who recklessly or negligently, or as a result of an extra hazardous activity, enters land in the possession of another or causes a thing or third person so to enter is subject to liability to the possessor if, but only if, his presence or the presence of the thing or the third person upon the land causes harm to the land, to the possessor thereof or to a thing or a third person in whose security the possessor has a legally protected interest."

There is nothing in the record to show that Mr. Dow was at the time of the occurrence in question engaged in any extra hazardous activity, or that he could have anticipated that he would have a heart attack. There is no evidence that he was driving recklessly or negligently, other than the circumstance that his Cadillac left the street, entered the premises of appellee and ran approximately 100 feet before coming to rest.

Appellee cites the case of Holmes v. McNeil, 356 Mo. 846, 204 S.W.2d 303, where it is stated:

"The fact that the motor vehicle proceeded 100 yards diagonally across the boulevard, gathering speed, jumped or passed over a high curb, leaving the traffic for vehicular travel, and struck a light standard there situate, is prima facie evidence of negligence."

In that case, however, there was no evidence that the driver of the car lost consciousness or became incapacitated.

The main case relied upon by appellee is Leary v. Oates, Tex.Civ.App., 84 S.W.2d 486. The testimony in such case indicated that immediately prior to the accident Leary was probably momentarily in a state of unconsciousness as the result of a sudden attack of indigestion or intestinal disturbance which caused him to lose control of his car. His automobile veered to the left-hand or wrong side of the highway and struck the automobile of Oates. The jury found that the collision was not an unavoidable accident and that Leary was not unconscious as the result of physical ailment

just prior to the collision. The court cited a number of cases in which it was held in effect that an insane or incompetent person was liable for his torts on the principle that where one of two innocent persons must suffer a loss it should be borne by the one who occasioned it. The court concluded:

"It is our conclusion that if Leary was in an unconscious state of mind and that the accident occurred solely by reason thereby, yet that fact constitutes no defense to plaintiff's suit; and further that the court did not err in failing to submit the issue of alleged negligence of Leary, since that was established by uncontroverted evidence."

The foregoing conclusion of the court in Leary v. Oates was not necessary to a decision of the case. The findings of the jury and the supplemental findings of the trial court were amply supported by the evidence and were sufficient to support the judgment in favor of the plaintiff.

Appellee also relies upon those cases, with which this Court does not disagree, which hold that before an operator can be exonerated on the ground of incapacity, the evidence must have been sufficient to prove a sudden and unanticipated loss of consciousness. See 28 A.L.R.2d, p. 22; Driver v. Brooks, 1940, 176 Va. 317, 10 S.E.2d 887; Scott v. Long, 110 Ohio App. 516, 169 N.E.2d 700. In Keller v. Wonn, 1955, 140 W.Va. 860, 87 S.E.2d 453, the Court said:

"The plaintiff established a prima facie case of negligence * * * when he proved by several witnesses that Wonn's automobile turned from the regular traffic lane in the street where it was travelling, ran across a restricted parking area of the street and onto the adjoining sidewalk, inflicting injuries upon the plaintiff who was without fault. It became the obligation of the defendant thereafter to show, if she could, that the injuries to the plaintiff resulted from a sudden attack suffered by the deceased, and that such attack was unforeseen and unanticipated."

Appellant relies in part upon the Restatement of the Law of Torts, Section 166, which provides:

"Except where the actor is engaged in an extra-hazardous activity, an unintentional and non-negligent entry on land in the possession of another or causing a thing or third person to enter the land, does not subject the actor to liability to the possessor, even though the entry causes harm to the possessor or to a thing or third person in whose security the possessor has a legally protected interest."

Illustration 2 under such section reads as follows:

"A, while driving his automobile along the street in the exercise of due care, is suddenly overcome by a paralytic stroke, which he had no reason to anticipate. He loses control of the automobile and falls across the steering wheel thereby turning the car so that it runs upon and damages B's lawn. A is not liable to B."

Appellant has undertaken to distinguish the instant case from those cases in which the defendant has been held liable for trespass where he intended the act which resulted in the trespass, but did not intend to invade the plaintiff's land or inflict damage upon the plaintiff. In Schronk v. Gilliam, Tex.Civ.App., 380 S.W.2d 743, the defendant was held liable for damage to plaintiff's land caused by poison dropped from an airplane. The defendant had trespassed upon plaintiff's land because he had intended the act which caused the trespass, although he did not intend the poison to fall on plaintiff's land. In Mountain States Tel. & Tel. Co. v. Vowell Const. Co., 161 Tex. 432, 341 S.W.2d 148, the defendant's scraper was deliberately and intentionally used in making a cut to the designated subgrade. The scraper cut the de-

fendant's telephone cable, which was underground, and the defendant was held liable for the violation of plaintiff's property right.

In Randall v. Shelton, Ky.1956, 293 S.W. 2d 559, the plaintiff was standing in her yard when the defendant's truck passed by, hurling a rock which struck the plaintiff, breaking her leg. The court said that since there was not an intentional trespass nor an extra hazardous activity, the plaintiff could not recover in the absence of a showing of negligence.

It seems clear that in the cases of Schronk v. Gilliam, supra, and Mountain States Tel. & Tel. Co. v. Vowell Const. Co., supra, the defendant intended the act which resulted in the trespass although there was no intentional invasion of plaintiff's property. The instant case is clearly distinguishable from such cases, if as a fact Mr. Dow suffered an unforeseen and unanticipated heart attack which rendered him unconscious prior to the time that he entered upon appellee's premises. The present case falls within Section 166 of the Restatement of the Law of Torts, and Illustration 2, supra, given under that Section. We do not disagree with appellee's contention that he established a prima facie case of negligence and trespass in showing that Mr. Dow's Cadillac took the course that it did and damaged appellee's property. There was other evidence however, which clearly showed that Mr. Dow was not negligent in undertaking to drive his automobile down Kirby Drive since such driving was authorized by his heart specialist, and that he had no reason to anticipate or foresee that he would have a sudden heart attack and lapse into unconsciousness.

It seems improbable that the car driven by Mr. Dow would have run over the island in Del Monte Drive which was not in its direct path, and taken its strange course, unless Mr. Dow had for some reason become incapacitated. Unquestionably he did become incapacitated, and his incapacity resulted suddenly from heart failure which rendered him unconscious and resulted in his death.

It is our view that the fact that Mr. Dow, who had for some years suffered from congestive heart failure, was found slumped over behind his car's steering wheel immediately after the crash, unconscious or dead, and that he died as a result of acute cardiac failure, coupled with the strange and extraordinary course his car took, constituted circumstantial evidence, more than a mere scintilla, which raised a fact issue of unavoidable accident and also, if pleaded, an issue as to whether C. M. Dow died or was incapacitated because of a sudden and unanticipated heart attack prior to leaving the roadway. We are of the opinion that the court erred in instructing a verdict for appellee, thereby in effect holding as a matter of law that Mr. Dow was guilty of negligence or that he did not become unconscious or die before the Cadillac left the roadway, or that his incapacity vel non was immaterial. Appellant's requested issue of unavoidable accident would include an act of God. Owens v. L. J. Miles Construction Co., Tex. Civ.App., 336 S.W.2d 189.

The rule of law enunciated in Section 166, Restatement of the Law of Torts, and in Illustration 2 thereunder, seems to us sound in principle. It has been adopted or applied in numerous cases of trespass in other jurisdictions, although admittedly there is a division of authority. It is our view that it should be applied in a case such as the present case where there is sufficient evidence to raise an issue of unconsciousness, incapacity or death prior to the alleged act of trespass.

In Phillips v. Sun Oil Co., 307 N.Y. 328, 121 N.E.2d 249, the court said:

"Trespass is an intentional harm at least to this extent: while the trespasser, to be liable, need not intend or expect the damaging consequence of his intrusion, he must intend the act which amounts to or produces the un-

lawful invasion, and the intrusion must at least be the immediate or inevitable consequence of what he willfully does, or which he does so negligently as to amount to willfulness."

See also Edgarton v. H. P. Welch Co., 321 Mass. 603, 74 N.E.2d 674, 174 A.L.R. 462; McDermott v. Sway, 78 N.D. 521, 50 N.W. 2d 235. In Wisconsin Power & Light Co. v. Columbia County, 1958, 3 Wis.2d 1, 87 N.W.2d 279, the court said: "The courts are moving away from the imposition of liability in trespass for invasions of property which are neither intended nor negligent, except where defendant's activity is extrahazardous in nature. Prosser, op. cit., 55, 1 Harper & James, op. cit., 11–12."

In the instant case if Mr. Dow was unconscious or dead prior to leaving the roadway and entering upon appellee's property, his act of entering appellee's property could not have been voluntary. We are of the opinion that the weight of authority and the better reasoning would prevent liability on the part of the estate of the deceased under such circumstances.

With respect to negligence, see the Annotation in 28 A.L.R.2d, p. 22, where it is stated:

"According to the great weight of authority, an operator of a motor vehicle who becomes suddenly stricken by a fainting spell or otherwise loses consciousness while driving, and for this reason is unable to control the vehicle, is not chargeable with negligence or gross negligence if his loss of consciousness is due to an unforeseen cause. In other words, proof that the driver momentarily lost consciousness and that such loss was not foreseeable constitutes a complete defense to an action against the driver based on negligence or gross negligence."

See Section 15 under such Annotation for citation to numerous authorities in. many jurisdictions in the United States.

Reversed and remanded.