In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00072-CV


______________________________




TIMOTHY EVANS, Appellant



V.



J. W. ALLWHITE, Appellee




 


On Appeal from the 202nd Judicial District Court


Bowie County, Texas


Trial Court No. 00C0895-202




 




Before Morriss, C.J., Ross and Carter, JJ.


Opinion by Justice Ross



O P I N I O N



 Timothy Evans was involved in a traffic accident with J. W. Allwhite. Evans sued
Allwhite for negligence. A jury found Allwhite not negligent, and the trial court rendered a
take-nothing judgment. Evans appeals, complaining of the trial court's instructions to the
jury on unavoidable accident and sudden emergency. For the reasons stated below, we
affirm the judgment.

 Allwhite, age seventy-three, was driving his pickup truck west on New Boston Road
in Texarkana and was near the intersection with Summerhill Road when he lost
consciousness and struck several other vehicles, all of which were stopped for a red light
at the intersection. In total, seven vehicles were involved, some struck directly by Allwhite's
truck and some struck by other vehicles which became involved in the pileup. One of the
vehicles involved was a van driven by Evans. 

 Allwhite testified he began to feel ill three or four blocks before the location of the
accident. He said he intended to pull over at an automobile parts store located just past
the intersection. He lost consciousness, however, before he made it to the store. Allwhite
testified he had never lost consciousness like that before this incident. 

 Allwhite denied Evans' claim of negligence, asserting the defenses of unavoidable
accident and sudden emergency. Evans alleges, however, that it was error to include
instructions on these two defenses in the charge to the jury and that the cumulative effect
of including these instructions resulted in the jury returning an improper verdict. 

 A trial court has broad discretion in determining its instructions to the jury. European
Crossroads' Shopping Ctr., Ltd. v. Criswell, 910 S.W.2d 45, 54 (Tex. App.-Dallas 1995,
writ denied). An instruction is proper if it finds support in any evidence of probative value
and if it might be of some assistance to the jury in answering the questions submitted. La.
& Ark. Ry. Co. v. Blakely, 773 S.W.2d 595, 598 (Tex. App.-Texarkana 1989, writ denied). 

 We review a trial court's submission of jury instructions for an abuse of discretion. 
Criswell, 910 S.W.2d at 54. No abuse of discretion occurs absent a showing of denial of
a party's rights that was reasonably calculated to, and probably did, cause the rendition of
an improper verdict. Weitzul Constr., Inc. v. Outdoor Environs, 849 S.W.2d 359, 365 (Tex.
App.-Dallas 1993, writ denied). In determining whether the trial court abused its discretion,
we may not substitute our judgment for that of the trial court. Id. We must decide only
whether the trial court's action was arbitrary or unreasonable. Id. 

 Evans first contends the trial court erred by giving an instruction to the jury on
unavoidable accident. The Texas Supreme Court has defined an unavoidable accident as
"an event not proximately caused by the negligence of any party to it." Reinhart v. Young,
906 S.W.2d 471, 472 (Tex. 1995). The purpose of the instruction is to ensure that the jury
will understand "they do not necessarily have to find that one or the other parties to the suit
was to blame for the occurrence complained of." Id. (quoting Yarborough v. Berner, 467
S.W.2d 188, 192 (Tex. 1971)). The instruction is most often used to inquire about the
causal effect of some physical condition or circumstance such as fog, snow, sleet, wet or
slick pavement, or obstruction of view, or to resolve a case involving a very young child
who is legally incapable of negligence. Id. 

 The Texas Supreme Court has cautioned the courts on the use of an unavoidable
accident instruction because there is a risk of the jury being misled or confused by the
perception that the instruction represents a separate issue distinct from general principles
of negligence. Id. Evans contends "unavoidable accident was not an issue in this case"
because "there was no evidence of an extrinsic, unavoidable event, such as an act of God,
which caused the accident." He contends the instruction only distracted the jury in this
case. Evans also places emphasis on the examples used by the Texas Supreme Court
in illustrating the limited circumstances where this instruction is appropriate. 

 As noted by Allwhite, however, the examples given by the Texas Supreme Court are
not an exhaustive list of circumstances where an unavoidable accident instruction is
appropriate. Allwhite directs us to cases where a loss of consciousness by a driver
qualified for an instruction of unavoidable accident. For example, in First City Nat'l Bank
v. Japhet, 390 S.W.2d 70, 71 (Tex. Civ. App.-Houston 1965, writ dism'd), the defendant
suffered a heart attack while driving his vehicle; then, his car crossed the median, crossed
the divided road, and drove onto the plaintiff's property, causing certain damages. On
appeal, the appellate court found a fact issue had been raised of unavoidable accident and
reversed and remanded the trial court's directed verdict in favor of the plaintiff. Id. at 74. 
Other jurisdictions have found circumstances similar to this case also warranted an
instruction on unavoidable accident. See Houston v. Adams, 389 S.W.2d 872, 875 (Ark.
1965) (holding unavoidable accident instruction permitted in most exceptional
circumstances such as unanticipated heart attack); Lutzkovitz v. Murray, 339 A.2d 64, 67
(Del. 1975) (jury was entitled to instruction on unavoidable accident when defendant
blacked out before rear-ending plaintiff). 

 While mindful of the Texas Supreme Court's admonition concerning the risk of an
unavoidable accident instruction, we hold the trial court did not abuse its discretion in giving
the instruction in this case. The instruction given was in keeping with the supreme court's
definition of unavoidable accident as "an event not proximately caused by the negligence
of any party to it." Reinhart, 906 S.W.2d at 472. Although Allwhite began to feel ill before
he lost consciousness, the onset of this illness undoubtedly occurred a very short time
before he lost consciousness. A police officer who witnessed the accident testified Allwhite
was traveling around forty miles per hour. Allwhite testified he began to feel ill about "three
or four blocks" before reaching the intersection. However, when asked to relate the point
at which he began to feel ill to a landmark on the street, the landmark he identified was
"[t]he old Boehmer-Haltom Motor Company." We take judicial notice that this landmark is
located at the equivalent of approximately two blocks from the intersection where the
accident occurred. But of even greater importance is Allwhite's testimony he had never lost
consciousness like this before. When asked whether he would have done anything
differently, knowing what he knows today, Allwhite responded, "Well, if I would have
knowed (sic) I would have passed out, I would have pulled over before I passed out." 

 Under these facts, it was not an abuse of discretion for the trial court to instruct the
jury on unavoidable accident. Evans' first point of error is overruled.

 Evans next contends the trial court erred by including an instruction to the jury on
sudden emergency. The trial court stated in its instructions, 

 If a person is confronted by an "emergency" arising suddenly and
unexpectedly, which was not proximately caused by any negligence on his
part and which, to a reasonable person, requires immediate action without
time for deliberation, his conduct in such an emergency is not negligence or
failure to use ordinary care if, after such emergency arises, he acts as a
person of ordinary prudence would have acted under the same or similar
circumstances.

 

 The elements of sudden emergency are (1) the condition must have arisen
suddenly; (2) it must have arisen unexpectedly; (3) it must not have been proximately
caused by the negligent act or omission of the person whose conduct is being inquired
about; and (4) the conduct which would constitute negligence under ordinary
circumstances must have occurred after the emergency arose without giving the person
time to deliberate. Oldham v. Thomas, 864 S.W.2d 121, 126 (Tex. App.-Houston [14th
Dist.] 1993), aff'd in part & rev'd in part on other grounds, 895 S.W.2d 352 (Tex. 1995). 

 Evans contends Allwhite was not entitled to the instruction because "the event
classified as an emergency occurred early enough for Appellee [Allwhite] to deliberate a
course of action." He supports this contention with Allwhite's testimony that he began to
feel ill three or four blocks before he lost consciousness and that he intended to pull his
vehicle over. Evans contends Allwhite should have immediately pulled his vehicle over in
another business' parking lot instead of attempting to proceed through the intersection. 
Evans asserts Allwhite made the decision to keep traveling after he felt ill and that decision
in and of itself was negligence. Essentially, Evans urges us to divide the incident into at
least two events: (1) Allwhite feeling ill, yet continuing to drive; and (2) Allwhite losing
consciousness and causing the accident that followed. 

 The trial court, however, apparently considered these events as one. This approach
is not unsupported by the record. Again, the actual distance from the time Allwhite first
became ill to the point of the accident was approximately two blocks. At forty miles per
hour, the time lapse from the first onset of illness to the point of the accident was, of
necessity, a very short one. Moreover, Allwhite had never lost consciousness like this
before. He testified that, had he known he was going to "pass out," he would have pulled
over. Considering the short period of time between when Allwhite said he began to feel
ill and when the accident occurred, plus the fact that Allwhite had never lost consciousness
like this before, we cannot say it was an abuse of discretion for the trial court to instruct the
jury on sudden emergency. Evans' second point of error is overruled. 

 Evans contends, without any citation to authority, that the inclusion of the definitions
of both unavoidable accident and sudden emergency had a cummulative effect of harm
against him. Despite these contentions, Texas courts have given both instructions before
with no error found. See Reinhart, 906 S.W.2d 471; Yarborough, 467 S.W.2d at 190-91. 
Evans' third point of error is overruled.

 We affirm the judgment.

 

 Donald R. Ross

 Justice



Date Submitted: July 11, 2003

Date Decided: July 16, 2003



ans-serif">                                                                Justice

Date Submitted:      April 21, 2005
Date Decided:         June 6, 2005

Do Not Publish