Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio





## MEMORANDUM OPINION

No. 04-11-00584-CV

Alma R. **BRIONES**,
Appellant

v.

Hitzelt **SHARKEY**,
Appellee

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-08340
Honorable Cathleen M. Stryker, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Sandee Bryan Marion, Justice
Rebecca Simmons, Justice
Marialyn Barnard, Justice

Delivered and Filed:  August 31, 2012

AFFIRMED

Appellant Alma Rosa Briones filed suit against appellee Hitzelt Sharkey alleging negligence following a rear-end motor vehicle accident.  The jury found Sharkey was not negligent.  On appeal, Briones argues the trial court included an erroneous instruction in the jury charge, and that erroneous instruction resulted in an improper verdict.  Briones also argues the evidence was legally and factually insufficient to the support the jury's finding of no negligence on the part of Sharkey.  We affirm the trial court's judgment.

## BACKGROUND

Briones testified that on the afternoon of May 27, 2006, she was stopped at a red light when she was struck from behind. Briones testified she took her foot off the brake, but before she could accelerate, Sharkey's Lincoln Navigator rear-ended her Ford F-150. At the scene, Briones reported she was uninjured. The only damage to her vehicle was the camper shell on the back of her vehicle had shifted and had to be reseated. According to Briones, she and her boyfriend reseated the camper that evening. However, at trial, Briones testified that shortly after the accident, she began to experience extensive pain, emanating from severe back spasms. Sharkey did not testify. The jury found Sharkey was not negligent and this appeal followed.

## JURY CHARGE ERROR

Briones's first argument is the trial court erred in including an instruction that the mere occurrence of a rear-end accident is not conclusive evidence of negligence. Sharkey counters the instruction was a correct statement of the law and aided and assisted the jury.

### *Standard of Review*

An appellate court reviews a trial court's decision to submit or refuse a particular definition or instruction under an abuse of discretion standard. *Thota v. Young*, 366 S.W.3d 678, 687 (Tex. 2012); *In re V.L.K.,* 24 S.W.3d 338, 341 (Tex. 2000). A proper jury instruction: (1) assists the jury; (2) accurately states the law; and (3) is supported in the pleadings and evidence. *Columbia Rio Grande Healthcare, L.P. v. Hawley*, 284 S.W.3d 851, 855–56 (Tex. 2009); *see La.-Pac. Corp. v. Knighten,* 976 S.W.2d 674, 676 (Tex. 1998). The trial court must submit jury questions, instructions, and definitions that are raised by the written pleadings and the evidence. TEX. R. CIV. P. 278.

An appellate court will not reverse a judgment for charge error unless the error was harmful, that is, it "probably caused the rendition of an improper judgment" or "probably prevented the appellant from properly presenting the case to the court of appeals." TEX. R. APP. P. 44.1. "Charge error is generally considered harmful if it relates to a contested, critical issue." *Hawley*, 284 S.W.3d at 856; *see also Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 480 (Tex. 2001). Our determination of whether the instruction "was reasonably calculated to and probably did cause the rendition of an improper judgment" requires an examination of the entire record. *Bed, Bath & Beyond, Inc. v. Urista*, 211 S.W.3d 753, 757 (Tex. 2006).

*Analysis*

Briones testified she was stopped at a red light when she was struck from behind by Sharkey's vehicle. The trial court submitted the case to the jury in a broad-form charge. The liability question asked: "Did the negligence, if any, of [Sharkey], proximately cause the occurrence in question?" Over objection by Briones's counsel, the trial court also included an instruction: "The mere occurrence of a rear-end accident or collision is not of itself evidence of negligence as a matter of law." In a unanimous verdict, the jury found Sharkey was not negligent, and the trial court entered a take-nothing judgment in favor of Sharkey.

Briones argues the instruction was an improper, direct comment on the weight of the evidence because the instruction strongly suggested Briones had only proven an accident occurred and not that the accident was the result of Sharkey's negligence. Briones points out the evidence was undisputed that Sharkey's vehicle struck Briones' vehicle from behind, Briones was stopped at a red light, it was full daylight, and the weather was clear. Additionally, Briones points out Sharkey neither plead nor presented evidence that the accident was unavoidable. *See Lemos v. Montez*, 680 S.W.2d 798, 800 (Tex. 1984) (citing *Dallas Ry. & Terminal Co. v. Bailey*,

250 S.W.2d 379, 383 (Tex. 1952)) ("[I]f the evidence does not raise the issue that something other than the negligence of one of the parties (to the event) caused the injuries, then it does not raise the issue of unavoidable accident.").

Sharkey counters that the instruction was a correct statement of the law. *Benavente v. Granger*, 312 S.W.3d 745, 749 (Tex. App.—Houston [1st Dist.] 2009, no pet.) ("Under common law, the mere occurrence of a rear-end collision does not establish negligence as a matter of law."). We agree. Yet, even when an instruction correctly states the law, if the instruction can be construed as an impermissible comment on the evidence, it is error for the trial court to give the jury the instruction. *See Liberty Mut. Ins. Co. v. Camacho*, 228 S.W.3d 453, 460-61 (Tex. App.—Beaumont 2007, pet. denied). Generally, the instruction becomes an impermissible comment on the evidence when the instruction is not supported by the evidence. *Id.* at 461; *Fethkenher v. Kroger Co*., 139 S.W.3d 24, 33 (Tex. App.—Fort Worth 2004, no pet.).

Here, Briones argues the instruction is equivalent to an unavoidable accident instruction, which negates negligence, and is only proper when testimony is elicited that something or some action occurred that made the accident unavoidable. *See Reinhart v. Young*, 906 S.W.2d 471, 472 (Tex. 1995) (explaining instruction most often used with some physical condition or circumstance such as fog, snow, sleet, wet or slick pavement, or obstruction of view); *see also Greer v. Seales*, No. 09-05-001-CV, 2006 WL 439109, *4 (Tex. App.—Beaumont, Jan. 2, 2006, no pet.) (mem. op.) (driver testified she was blinded by sunlight when accident occurred); *Evans v. Allwhite*, 111 S.W.3d 282, 284 (Tex. App.—Texarkana 2003, no pet.) (driver lost consciousness); *DeLeon v. Pickens*, 933 S.W.2d 286, 288 (Tex. App.—Corpus Christi 1996, writ denied) ("emergency" arose after truck darted across four lanes from private driveway causing actions resulting in collision). The sole purpose of the "unavoidable accident" and "sudden

emergency" instructions is to ensure the jury will understand that "they do not necessarily have to find that one or the other parties to the suit was to blame for the occurrence complained of." *Greer*, 2006 WL 439109 at *4 (citing *Yarborough v. Berner*, 467 S.W.2d 188, 192 (Tex. 1971)). The trial court, however, is not free to include instructions that are an incomplete statement of the law. *Quantum Chem. Corp.*, 47 S.W.3d at 474-81. Moreover, when there is no evidence that the accident was caused by some such peculiar circumstance, submission of the instruction is generally improper. *Hill v. Winn Dixie Texas, Inc.*, 849 S.W.2d 802, 803 (Tex. 1992).

We agree that the instruction served the same purpose as unavoidable accident instruction would have in this case. Although it did not include the term "unavoidable accident," the instruction was clearly designed to advise the jury it was not required to find one or the other party was to blame for the accident. *See Greer*, 2006 WL 439109 at *4. Because Sharkey did not plead unavoidable accident, and did not put on any evidence that she could not avoid the accident, we conclude the trial court erred in submitting the instruction. Accordingly, we turn to whether the instruction constituted harmful error. *See Bed, Bath & Beyond, Inc.*, 211 S.W.3d at 756.

### *Harm Analysis*

As noted above, "[a]n incorrect jury instruction requires reversal only if it 'was reasonably calculated to and probably did cause the rendition of an improper judgment.'" *Id.* at 757 (quoting *Reinhart*, 906 S.W.2d at 473). This determination requires an examination of the entire record. *Id.* More specifically, the question of whether a rear-end collision raises an issue of negligence or establishes negligence as a matter of law depends on the particular facts and circumstances of the case. *DeLeon*, 933 S.W.2d at 289.

To establish negligence, a party must establish: (1) a duty, (2) a breach of that duty, and (3) damages proximately caused by the breach. *Werner v. Colwell*, 909 S.W.2d 866, 86 (Tex. 1995) (citing *El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex. 1987)). Failure to prove any of these elements results in a failure to prove negligence. The Texas Supreme Court's analysis in *Bed, Bath & Beyond, Inc.* is particularly instructive in this case. *Bed, Bath & Beyond, Inc.*, 211 S.W.3d at 755. While shopping at a Bed, Bath & Beyond, the plaintiff claimed he was hit on the head and knocked unconscious by plastic trash cans when an employee was attempting to retrieve merchandise from a high shelf above. *Id.* The Bed, Bath & Beyond management completed an offense report, but the plaintiff declined the manager's assistance and did not report being knocked unconscious. *Id.* The plaintiff sued, alleging severe back injuries. During cross-examination, testimony revealed plaintiff's prior work-related injuries and his request of his doctor to amend the medical records to reflect the injuries were caused by the incident at Bed, Bath & Beyond. *Id.* No defense witnesses were called. *Id.* The trial court submitted a broad-form negligence question and an unavoidable accident instruction. *Id.* Unlike the current case, Bed, Bath & Beyond conceded the instruction was in error. The court explained that "the inclusion of an improper, unavoidable accident instruction is ordinarily harmless," and can actually provide the jury with additional insight. *Id.* at 757. The court continued, "[t]he truth is, sometimes accidents are no one's fault, and an unavoidable accident instruction," simply allows the jury to decide that no one was at fault. *Id.*

More importantly, just as in *Bed, Bath & Beyond, Inc.*, Sharkey's counsel defended the case by attacking Briones' credibility. Instead of attacking whether Sharkey breached her duty of care, Sharkey's counsel argued Briones failed to put forward any credible evidence of damages. Briones and her daughter were the only witnesses that testified regarding the accident.

Sharkey's trial counsel vigorously challenged Briones's injuries that allegedly resulted from the accident in question. Sharkey's trial counsel revealed inconsistencies regarding medical records produced during discovery and those offered before the jury. Briones offered several possible explanations, but agreed the records were different. Sharkey's trial counsel also questioned chiropractic records that included a statement by Briones: "Following the accident, I was transported to the Gonzaba Medical Group where I was prescribed medication." Briones acknowledged that this statement was not true. February 2010 medical reports provided: "Patient was in a motor vehicle accident. She states the current episode of pain started on December 29, 2009." The December 29, 2009 date corresponds to a second, unrelated accident. The records continued, "[s]he refers that everything started in December of 2009 when she was involved in a motor vehicle accident."

Briones' credibility was weakened during cross-examination when Sharkey's counsel discredited Briones before the jury. Based on the conflicts, the jury could have reasonably disbelieved Briones was injured as a result of the accident. Briones, not Sharkey, bore the burden to prove Sharkey's negligence. *Bed, Bath & Beyond, Inc.*, 211 S.W.3d at 758 (citing *El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex. 1987)). Simply put, the jury could have decided that Briones failed to prove the required elements of negligence and answered the negligence question in the negative, without regard to the instruction in question. *Id.*

Briones argues the erroneous instruction was exacerbated by Sharkey's trial counsel repeatedly referring to the instruction during closing arguments. Although Sharkey's trial counsel did argue the instruction, we are not persuaded the instruction caused a jury determination different than if the jury instruction had not been included. *See id.* at 758-59. In light of the attack on Briones's credibility, if the jury discredited Briones's testimony, there was

no evidence of damages and Briones failed to prove negligence.  Accordingly, a review of the entire record does not support a finding that the trial court's submission of the instruction "probably caused the rendition of an improper judgment." We find any error in submitting the instruction was harmless.  We, therefore, overrule Briones's first issue on appeal.

**LEGAL AND FACTUAL SUFFICIENCY**

Briones next argues the evidence is legally and factually insufficient with regard to the jury's finding of no negligence on the part of Sharkey.  The only negligence testimony presented to the jury was elicited from Briones.

***Standard of Review***

In conducting a legal sufficiency review, an appellate court considers the evidence in the light most favorable to the challenged finding, indulging every reasonable inference to support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005).  Additionally, the court credits favorable evidence if reasonable jurors could, while disregarding any contrary evidence unless reasonable jurors could not.  *Id*. at 827.  A legal sufficiency challenge will be sustained when less than a scintilla of evidence is offered to establish a vital fact.  *Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 793 (Tex. 2006).  Evidence that a fact exists does not exceed a scintilla if it is "'so weak as to do no more than create a mere surmise or suspicion.'"  *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004) (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)).  It is the jury alone that determines the credibility of witnesses, the weight to be given their testimony, and whether to accept or reject all or part of their testimony.  *City of Keller*, 168 S.W.3d at 822.  Recognizing this role, we will not invade the jury's determination so long as the evidence falls within the zone of reasonable disagreement.  *Id.*

In reviewing the factual sufficiency of the evidence, we consider all the evidence and will set aside the finding only if the evidence supporting the finding is so weak or so against the overwhelming weight of the evidence that the finding is clearly wrong and unjust. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001). When the appellant challenges the factual sufficiency on an issue on which she had the burden of proof, "we must overrule the challenge if, considering only the evidence and inferences that support the finding in the light most favorable to the finding and disregarding evidence and inferences to the contrary, any probative evidence supports it." *Santa Fe Petroleum, L.L.C. v. Star Canyon Corp.*, 156 S.W.3d 630, 636-37 (Tex. App.—Tyler 2004, no pet.) (citing *Browning–Ferris, Inc. v. Reyna*, 865 S.W.2d 925, 928 (Tex. 1993)). Accordingly, because Briones had the burden to prove Sharkey's negligence, we consider the evidence supporting a lack of negligence in the light most favorable to that finding, and disregard evidence against it. *Benavente v. Granger*, 312 S.W.3d 745, 748-49 (Tex. App.—Houston [1st Dist.] 2009, no pet.).

### *Analysis*

As Briones points out, the supreme court has consistently held the fact-finder "cannot ignore undisputed testimony that is clear, positive, direct, otherwise credible, free from contradictions and inconsistencies, and could have been readily controverted." *City of Keller*, 168 S.W.3d at 820. Furthermore, when the testimony of an "interested witness is not contradicted by any other witness and is clear, positive, direct, and free from contradiction, the testimony is considered true as a matter of law." *InvestIN.com Corp. v. Europa Intern., Ltd.*, 293 S.W.3d 819, 830 (Tex. App.—Dallas 2009, pet. denied). While these are correct statements of the law, they do not compel a reversal in this case.

Texas courts have consistently held that the mere occurrence of a rear-end automobile accident is not of itself evidence of negligence. *Jordan v. Sava, Inc.*, 222 S.W.3d 840, 850 (Tex. App.—Houston [1st Dist.] 2007, no pet.). The plaintiff must prove specific acts of negligence on the part of the following driver in addition to proving proximate cause. *Pearson v. DeBoer, Inc.*, 99 S.W.3d 273, 276 (Tex. App.—Corpus Christi 2003, no pet.) (citing *Neese v. Dietz*, 845 S.W.2d 311, 314 (Tex. App.—Houston [1st Dist.] 1992, writ denied)). The issue of whether a rear-end collision is negligent depends on all the facts and circumstances of the particular case. *Pearson*, 99 S.W.3d at 276; *Neese*, 845 S.W.2d at 314 (holding that in rear-end collisions, "standards of ordinary care cannot be fixed with any degree of certainty but must be left in large measure to the trier of the facts."). Whether the plaintiff succeeds in proving negligence by a preponderance of the evidence is within the jury's province to determine. *Pearson*, 99 S.W.3d at 276. Neither Briones nor her daughter could testify regarding any negligent act committed by Sharkey. In fact, no witness testified regarding direct evidence of negligence by Sharkey.

Moreover, trial counsel spent hours questioning Briones on what she told doctors and nurses versus her testimony before the jury. As a result, Briones's testimony was not "free from contradiction." *InvestIN.com Corp.,* 293 S.W.3d at 830; *see also Walker v. Tex. Dept. of Family & Prot. Servs.*, 312 S.W.3d 608, 624 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (concluding that "the uncontradicted testimony of an interested witness cannot be considered as doing more than raising an issue of fact to be decided by the trial court if there are circumstances in evidence tending to discredit or impeach the interested witness's testimony."). Considering the attack on Briones's veracity, the jury could have reasonably determined the evidence did not prove Sharkey's negligence by a preponderance of the evidence.

Although Briones argues the evidence as uncontroverted, this case is a question of Briones failing to meet her burden of proof. First, she presented no specific acts of negligence by Sharkey and, if the jury discredited Briones's testimony, the record is silent with regard to Sharkey's negligence—an element Briones was required to prove by a preponderance of the evidence. After viewing the entire record and the evidence in support of and against Sharkey's negligence, we do not find: (1) the jury's determination outside the zone of reasonable disagreement; or (2) that the great weight and preponderance of the evidence supports a reversal of the jury's no-negligence finding. Accordingly, we overrule Briones's second issue on appeal.

## CONCLUSION

Based on the foregoing, we overrule Briones's issues and affirm the trial court's judgment.

Marialyn Barnard, Justice