

## IN THE
## TENTH COURT OF APPEALS

_____

### No. 10-17-00377-CV

_____

RODOLFO LUNA, SR.
AND RODOLFO ARNULFO LUNA,

                                        **Appellants**

 **v.**

DARLA WOMACK CAPEHART,

                                        **Appellee**

_____

**From the 13th District Court
Navarro County, Texas
Trial Court No. D15-24244-CV**

_____

## MEMORANDUM OPINION

_____

In one issue, appellants, Rodolfo Luna Sr. and Rodolfo Arnulfo Luna, challenge a traditional motion for summary judgment and a no-evidence motion for summary judgment both granted in favor of appellee, Darla Womack Capehart, pertaining to an automobile collision. Because we conclude that the trial court erred in granting both summary judgments in favor of Capehart, we reverse the trial court's judgment and remand this case for further proceedings.

## I. BACKGROUND

In their original petition, appellants alleged that:

> On or about November 4, 2014[,] at approximately 7:10 a.m.[,] Plaintiff Rodolfo Luna, Sr. was driving a 2005 Chrysler 300, traveling southbound at the 700 block of South 7th Street on the inside lane in Corsicana, Navarro County, Texas[,] and Plaintiff Rodolfo Arnulfo Luna, Jr. was a passenger. Defendant Darla Womack Capehart was driving a 2013 Buick Enclave, traveling northbound at the 700 block of South 7th Street, in the wrong lane headed directly toward the Plaintiffs. The defendant was negligent in driving in the wrong lane, failing to control her speed, failing to timely apply her brakes, failing to stay attentive to her driving, and proceeding to carelessly strike Plaintiffs' vehicle, causing the collision, and causing injuries to Plaintiffs . . . .

Appellants asserted a negligence claim against Capehart and sought exemplary damages, as well as personal-injury and property damages.

Capehart responded by filing special exceptions and an answer denying the claims made by appellants in their original petition. Capehart also asserted that "the accident in question was unavoidable as the result of a medical emergency which arose suddenly and unexpectedly not caused in any way by the negligence of this Defendant." Thereafter, Capehart filed a no-evidence motion for summary judgment and a traditional motion for summary judgment advancing her contention that the accident was unavoidable due to a "sudden medical emergency." In support of her traditional motion for summary judgment, Capehart attached her deposition testimony and medical records purportedly establishing that she suffered from a "syncopal episode" at the time of the accident, which caused her to have double vision, become disorientated, and pass out.

Without a hearing, the trial court granted Capehart's no-evidence and traditional motions for summary judgment and ordered that appellants take nothing in this lawsuit. This appeal followed.

## II. STANDARD OF REVIEW

We review a grant of a motion for summary judgment de novo. *KCM Fin., LLC v. Bradshaw*, 457 S.W.3d 70, 79 (Tex. 2015); *Nall v. Plunkett*, 404 S.W.3d 552, 555 (Tex. 2013). In a traditional motion for summary judgment, a movant must state specific grounds, and a defendant who conclusively negates at least one essential element of a cause of action or conclusively establishes all the elements of an affirmative defense is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *see also KCM Fin., LLC*, 457 S.W.3d at 79. In a no-evidence motion for summary judgment, the movant contends that no evidence supports one or more essential elements of a claim for which the non-movant would bear the burden of proof at trial. TEX. R. CIV. P. 166a(i); *see KCM Fin., LLC*, 457 S.W.3d at 79. The trial court must grant the motion unless the non-movant raises a genuine issue of material fact on each challenged element. *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (citing TEX. R. CIV. P. 166a(i)). If the order granting the motion for summary judgment, such as the one in this case, does not specify the ground upon which judgment was rendered, we must affirm the judgment if any of the grounds in the motion for summary judgment is meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d

868, 872 (Tex. 2000); *Lotito v. Knife River Corp.-S.*, 391 S.W.3d 226, 227 (Tex. App.—Waco 2012, no pet.).

"Further, if a no-evidence motion for summary judgment and a traditional motion for summary judgment are filed which respectively asserts the plaintiff has no evidence of an element of its claim and alternatively asserts that the movant has conclusively negated that same element of the claim, we address the no-evidence motion for summary judgment first."  *Williams v. Parker*, 472 S.W.3d 467, 469-70 (Tex. App.—Waco 2015, no pet.) (citing *Ford Motor Co. v. Ridgeway*, 135 S.W.3d 598, 600 (Tex. 2004); *Lotito*, 391 S.W.3d at 227).  In both motions for summary judgment, Capehart challenged the proximate-cause element of appellants' negligence cause of action.  As such, we will consider the no-evidence motion for summary judgment first.

### III.    ANALYSIS

In their sole issue on appeal, appellants contend that the trial court erred in granting summary judgment in favor of Capehart because the summary-judgment evidence did not conclusively establish that the collision was unavoidable.  We agree.

In their original petition, appellants alleged that Capehart failed to exercise ordinary care while operating a motor vehicle, which was a proximate cause of the collision.  Specifically, appellants asserted that Capehart failed to keep a proper lookout, stay attentive to her driving, maintain a clear and reasonable distance between her vehicle

and another, operate her vehicle at a safe rate of speed, and apply the brakes in a timely and prudent manner. As a result, appellants alleged a negligence cause of action.

The elements of a negligence cause of action are the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach. *IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004). As stated above, the focus of summary-judgment motions was the proximate-cause element of appellants' negligence cause of action. The components of proximate cause are cause-in-fact and foreseeability. *See W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 551 (Tex. 2005); *see also Mason*, 143 S.W.3d at 798.

## A. Capehart's No-Evidence Motion for Summary Judgment

In her no-evidence motion for summary judgment, Capehart argued that appellants "have produced no evidence on the proximate cause element of [their] cause of action." In their response to Capehart's summary-judgment motions, appellants argued that there is a material fact question as to whether Capehart lost consciousness before impact, and if she did lose consciousness, what was the likely cause of her passing out, how much notice did she have of the problem, and did she act as an ordinary prudent driver would have after having notice of a potential problem. Appellants attached excerpts from Capehart's deposition, as well as Capehart's medical records, to their response.

In her deposition testimony, Capehart, a cardiology nurse, acknowledged that she noticed dizziness and double vision prior to the collision. However, rather than stopping her vehicle, slowing down, or pulling over, Capehart continued driving and called her husband by pushing a button on her steering wheel. During the conversation with her husband, Capehart described her double vision. Capehart's husband advised that she should pull over and stop driving. Capehart did not do so.

Considering the evidence in the light most favorable to the non-movants, appellants, crediting evidence a reasonable jury could credit, and discrediting contrary evidence and inferences unless a reasonable jury could not, we conclude that the aforementioned deposition testimony of Capehart amounted to more than a scintilla of probative evidence that raised a genuine issue of material fact as to the proximate cause element of appellants' negligence cause of action. *See Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009); *see also Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581-82 (Tex. 2006) (noting that we review the evidence presented by a summary-judgment motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not). Therefore, we further conclude that the trial court erred in granting Capehart's no-evidence motion for summary judgment. *See* TEX. R. CIV. P. 166a(i); *see also Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013); *Smith*, 288 S.W.3d at 424 (noting that a no-evidence summary

judgment is improper when the non-movant presents more than a scintilla of probative evidence that raises a genuine issue of material fact).

## B.    Capehart's Traditional Motion for Summary Judgment

Despite the foregoing, the crux of this dispute centers on the trial court's granting of Capehart's traditional motion for summary judgment.  Capehart contends that she conclusively established the defense of "unforeseeable incapacity" or "unavoidable accident"; thus, summary judgment was proper.

An unavoidable accident is "'an event not proximately caused by the negligence of any party to it.'"  *Reinhart v. Young*, 906 S.W.2d 471, 472 (Tex. 1995) (quoting *Dallas Ry. & Terminal Co. v. Bailey*, 151 Tex. 359, 250 S.W.2d 379, 385 (1952) (op. on reh'g)).  In other words, it is an accident "that ordinary care and diligence could not have prevented, or one which could not have been foreseen or prevent by the exercise of reasonable precautions."  *Otis Elevator Co. v. Shows*, 822 S.W.2d 59, 63 (Tex. App.—Houston [1st Dist.] 1991, writ denied).  Thus, unforeseen loss of consciousness is a complete defense to the claim that a driver negligently caused a motor-vehicle accident.  *See First City Nat'l Bank of Houston v. Japhet*, 390 S.W.2d 70, 75 (Tex. Civ. App.—Houston [1st Dist.] 1965, writ dism'd).  Indeed, this Court has stated:

> "Unforeseeable incapacity as a bar to liability in negligence is based upon the principle that one is not negligent if an unforeseeable occurrence causes an injury.  Under traditional negligence theory, it follows that [the defendant] was not negligent if he were incapacitated before the collision, the incapacity caused the collision, and his incapacitation was not foreseeable."

*Williams*, 472 S.W.3d at 470 (quoting *Piatt v. Welch*, 974 S.W.2d 786, 788 (Tex. App.—El Paso 1998, no pet.); *Harvey v. Culpepper*, 801 S.W.2d 596, 598 (Tex. App.—Corpus Christi 1990, no writ)).

By pleading that the collision was an unavoidable accident, Capehart raised an inferential-rebuttal defense. *See Lemos v. Monez*, 680 S.W.2d 798, 800 (Tex. 1984); *see also Bed, Bath & Beyond v. Urista*, 211 S.W.3d 753, 756 (Tex. 2006). An inferential-rebuttal defense seeks to establish the truth of a theory that is contrary to or inconsistent with the plaintiff's theory, thereby disproving a factual element of the plaintiff's claim. *See Select Ins. Co. v. Boucher*, 561 S.W.2d 475, 477 (Tex. 1978). Because she is the summary-judgment movant relying on an inferential-rebuttal defense, Capehart bears the burden to produce evidence establishing the defense as a matter of law. *See, e.g., Gomez v. Cooke*, No. 14-15-00010-CV, 2016 Tex. App. LEXIS 2264, at *4 (Tex. App.—Houston [14th Dist.] Mar. 3, 2016, no pet.) (mem. op.).

In the trial court and on appeal, Capehart argues that there is no more than a scintilla of evidence to defeat her traditional motion for summary judgment because the evidence presented shows that she lost consciousness while driving; that the loss of consciousness was unforeseeable; and that the "unforeseeable incapacity" defense applied.

Other than her own *ipse dixit*, Capehart does not offer any summary-judgment evidence demonstrating that she experienced a "sudden medical emergency"

Luna, et al. v. Capehart                                                                                       Page 8

immediately before the collision that prevented her from taking action to avoid the collision. *See Coastal Transp. Co. v. Crown Cent. Petroleum Corp.*, 136 S.W.3d 227, 232 (Tex. 2004) ("'[I]t is the basis of the witness's opinion, and not the witness's qualifications or his bare opinions alone, that can settle an issue as a matter of law; a claim will not stand or fall on the mere *ipse dixit* of a credentialed witness.'" (quoting *Burrow v. Arce*, 997 S.W.2d 229, 235 (Tex. 1999))). As mentioned earlier, Capehart admitted in her deposition testimony that she noticed dizziness and double vision prior to the collision. However, she did not stop her vehicle, slow down, or pull over. Instead, she continued driving and called her husband. Capehart's husband advised that she should pull over, but she did not do so.

Additionally, nowhere in Capehart's medical records does it state that she experienced a "syncopal episode." Rather, it appears that Capehart was in good health prior to the collision. Gregory Meador, M.D., the ED Physician who examined Capehart, noted that that: "At their worst[,] the symptoms were very mild, just prior to arrival[;] in the emergency department[,] the symptoms have improved." Additionally, Capehart acknowledged that medical tests at her follow-up appointments revealed normal results, and that no medical provider has ever determined what could have caused her so-called "syncopal episode."

Nevertheless, Capehart attempts to analogize these facts to those in three other cases—all of which are distinguishable and unpersuasive. *See generally Evans v. Allwhite*,

111 S.W.3d 282 (Tex. App.—Texarkana 2003, no pet.); *Japhet*, 390 S.W.2d 70; *Gomez*, 2016 Tex. App. LEXIS 2264.

First, we note that both *Evans* and *Japhet* involved jury trials. Only *Gomez* was a summary-judgment case. This is significant because the plaintiffs in *Evans* and *Japhet* both had the opportunity to present their cases to a jury, whereas the appellants in this case will not be able to do so should the summary judgments stand.

In any event, in *Evans*, the Texarkana Court of Appeals outlined the elements of sudden emergency and noted that the trial court did not abuse its discretion by giving a sudden emergency instruction to the jury where the evidence demonstrated that:

> Again, the actual distance from the time Allwhite first became ill to the point of the accident was approximately two blocks. At forty miles per hour, the time lapse from the first onset of illness to the point of the accident was, of necessity, a very short one. Moreover, Allwhite has never lost consciousness like this before. He testified that, had he known he was going to "pass out," he would have pulled over. Considering the short period of time between when Allwhite said he began to feel ill and when the accident occurred, plus the fact that Allwhite has never lost consciousness like this before, we cannot say it was an abuse for the trial court to instruct the jury on sudden emergency.

111 S.W.3d at 286.

The facts in *Evans* differ from the case at bar because Capehart admitted that she had time to call her husband and discuss her symptoms after she began experiencing dizziness and double vision. At the very least, unlike the situation in *Evans*, Capehart's admission presents a question of fact as to whether she had time to deliberate after the emergency situation arose.

In *Japhet*, C.M. Dow had a heart attack and lost control of his vehicle. 390 S.W.2d at 71. The Court of Appeals held that the trial court erred by holding, as a matter of law, that Dow was negligent by instructing a verdict in favor of the plaintiff. *Id.* at 74. *Japhet* is distinguishable from the case at bar because the *Japhet* court did not render a take-nothing judgment for the defendant simply because he offered evidence that the accident may have been unforeseeable. Instead, the *Japhet* court remanded the case for a jury trial to determine, among other things, whether a momentary loss of consciousness was foreseeable and acts as a complete defense to an action against the driver based on negligence or gross negligence. *Id.* at 74-75. Stated differently, the relief granted in *Japhet* is the same as that requested by appellants—a jury trial on their negligence claim that necessarily includes issues on reasonableness and foreseeability.

The *Gomez* case, though a summary-judgment case involving the "unavoidable-accident" defense, is also distinguishable. Unlike the instant case, the *Gomez* case involved a much more extensive summary-judgment record. *Id.* at *6. Importantly, the *Gomez* summary-judgment record included the crash report, the defendant's medical and hospital records, and excerpts from the depositions of the defendant, his wife, and his treating physician, who was designated as an expert. *Id.* In contrast, the summary-judgment record in this case only includes excerpts from Capehart's deposition and some medical records that do not conclusively establish her "unforeseeable incapacity" or "unavoidable accident" defense.

It is also of particular importance that the *Gomez* Court mentioned that "determining the effect and foreseeable course of a medical condition is a matter for experts." *Id.* at *8 (citing *Nat'l Life & Accident Ins. Co. v. Shern*, 389 S.W.2d 726, 729-30 (Tex. Civ. App.—Austin 1965, no writ)). However, in this case, the summary-judgment record contains no expert testimony establishing the effect and foreseeable course of Capehart's purported "syncopal episode."[1] In fact, Capehart herself admitted that no physician could substantiate the condition she claims she had just prior to the collision. Accordingly, we are not persuaded by Capehart's reliance on *Gomez*.

Based on a review of the summary-judgment record, Capehart did not establish as a matter of law her "unforeseeable incapacity" or "unavoidable accident" defense. *See Reinhart*, 906 S.W.2d at 472; *Williams*, 472 S.W.3d at 470; *Japhet*, 390 S.W.2d at 75; *see also Gomez*, 2016 Tex. App. LEXIS 2264, at *4. As such, the trial court erred in granting Capehart's traditional motion for summary judgment. *See* Tex. R. Civ. P. 166a(c); *see also KCM Fin., LLC*, 457 S.W.3d at 79. We sustain appellants' sole issue on appeal.

---

[1] On the other hand, the *Gomez* Court noted the following:

> Dr. Fairbanks, on the other hand, is an expert. He testified that stroke is predicted based on risk factors, and Calvin had no risk factors other than hypertension. Consequently, Dr. Fairbanks concluded that Calvin's risk was "minimal," and he neither told Calvin that there was a risk of stroke nor foresaw a risk that Calvin would suffer a stroke and become incapacitated while driving.
>
> Calvin is not required to know more than an expert, or to foresee what his treating physician could not.

*Gomez v. Cooke*, No. 14-15-00010-CV, 2016 Tex. App. LEXIS 2264, at *8 (Tex. App.—Houston [14th Dist.] Mar. 3, 2016, no pet.) (mem. op.).

## IV. CONCLUSION

We reverse the trial court's judgments and remand this case to the trial court for further proceedings.

JOHN E. NEILL
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Neill
(Chief Justice Gray concurring with a note)*
Reversed and remanded
Opinion delivered and filed June 12, 2019
[CV06]

*(Chief Justice Gray concurs in the Court's judgment. A separate opinion will not issue. He notes, however, that he does not join the Court's opinion as to Section III(B) as it is unnecessary to a disposition of the issues that results in a reversal of the trial court's judgments. Specifically, by determining there is a fact issue presented on causation in connection with the review of the no-evidence motion for summary judgment, there is no need to discuss whether Capehart conclusively negated causation in her traditional motion for summary judgment. *See Ford Motor Co. v. Ridgeway*, 135 S.W.3d 598 (Tex. 2004). Moreover, Chief Justice Gray cannot join some of the nuances of the discussion in this unnecessary discussion, specifically including that an expert witness is necessary for Capehart to negate causation.)

