**Affirmed and Opinion Filed May 6, 2022**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-20-00626-CV

### NEW 99 ENTERPRISES, INC., Appellant
### V.
### MATHESON TRI-GAS, INC., Appellee

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-07389**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Partida-Kipness
Opinion by Justice Osborne

Appellant New 99 Enterprises, Inc. ("New 99") appeals the trial court's

summary judgment in favor of appellee Matheson Tri-Gas, Inc. ("Matheson") on

New 99's trespass claim. Concluding that a cause of action for trespass includes the

element of intent, we affirm the trial court's judgment.

### BACKGROUND

Matheson's employee Dexter Ray suffered an apparent heart attack while

driving Matheson's eighteen-wheeler truck containing liquid nitrogen. The truck

crashed into a restaurant owned by New 99. Ray was unconscious when his truck

left the roadway. New 99 sued Matheson, alleging claims for negligence, negligence per se, negligent entrustment, trespass, and gross negligence.

This appeal concerns New 99's trespass claim, on which Matheson moved for summary judgment. New 99 responded and filed its own motion for summary judgment on the claim, alleging that "[e]very unauthorized entry upon the property of another is a trespass," regardless of intent.

The trial court granted Matheson's motion and denied New 99's. After further disposition of other parties and claims, the trial court rendered a take-nothing judgment for Matheson on April 2, 2020. This appeal followed.

## ISSUES

In its appellate brief, New 99 asserted three issues challenging the trial court's summary judgment against it on its trespass claim. New 99 argued the trial court erred because (1) intent is not an element of trespass, (2) unavoidable accident is not a defense to trespass, and (3) Matheson is liable for its employee's trespass by respondeat superior. At oral argument, New 99 clarified that it is not asserting any issue arising from negligence; it seeks reversal only on the grounds that trespass is not an intentional tort and unavoidable accident is not a defense to trespass.

## STANDARDS OF REVIEW

A trial court's ruling on a motion for summary judgment is reviewed de novo. *Tarr v. Timberwood Park Owners Ass'n, Inc.*, 556 S.W.3d 274, 278 (Tex. 2018). Where, as here, the trial court's order does not specify the grounds relied upon, we

must affirm the summary judgment if any of the summary judgment grounds are meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872–73 (Tex. 2000).

To prevail on a no-evidence motion for summary judgment, the nonmoving party must present evidence raising a genuine issue of material fact supporting each element contested in the motion. *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). "When reviewing a no-evidence summary judgment, we review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Id.* (internal quotation omitted).

To prevail on a traditional motion for summary judgment, the movant must show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). When reviewing a trial court's ruling on a traditional motion for summary judgment, we take as true evidence that favors the non-movant in deciding whether there is a disputed issue of material fact. *Gonzalez v. VATR Constr. LLC*, 418 S.W.3d 777, 782 (Tex. App.—Dallas 2013, no pet.). All reasonable inferences, including any doubts, must be resolved in favor of the non-movant. *Id.*

Here, both New 99 and Matheson filed motions for summary judgment. When competing summary-judgment motions are filed, "each party bears the burden of

establishing that it is entitled to judgment as a matter of law." *Tarr*, 556 S.W.3d at 278 (internal quotation omitted). "In that instance, if the trial court grants one motion and denies the other, the reviewing court should determine all questions presented and render the judgment that the trial court should have rendered." *Id.* (internal quotations omitted).

**DISCUSSION**

**1. Trespass**

Relying on *Environmental Processing Systems, L.C. v. FPL Farming Ltd.*, 457 S.W.3d 414 (Tex. 2015) ("*EPS*"), New 99 moved for summary judgment on its trespass claim. New 99 argued that there are only three elements of a trespass claim, and intent is not one of them:

> The Court clearly states the three elements of trespass:
>
>> "This Court has consistently defined a trespass as encompassing three elements: (1) entry (2) onto the property of another (3) without the property owner's consent or authorization." [*EPS*], 457 S.W.3d at 419.
>
> Notably absent from these three simple trespass elements is any mention of intent or negligence. That is because "the pith of the action is the wrongful interference thereby with the property rights of the plaintiff." *Id.*, 457 S.W.3d at 421 (quoting an 1884 case). What must the plaintiff prove to show the interference was wrongful? The plaintiff must prove the entry was wrongful "by establishing that entry was unauthorized and without its consent." *Id.*, 457 S.W.3d at 425.

New 99 concluded that it had established Matheson's liability for trespass as a matter of law by offering evidence that Matheson's truck entered New 99's property without New 99's consent.

In *EPS*, the court resolved "the question of which party bears the burden of proving consent in a trespass action," considering whether it is the plaintiff's burden to prove its lack of consent to entry on its land, or the defendant's burden to prove the plaintiff's consent as an affirmative defense. *EPS*, 457 S.W.3d at 418. The court held that a plaintiff who asserts a trespass cause of action bears the burden to prove it did not consent to the defendant's entry on the land. *EPS*, 457 S.W.3d at 418–25. The court explained that "to maintain an action for trespass, it is the plaintiff's burden to prove that the entry was wrongful, and that the plaintiff must do so by establishing that entry was unauthorized or without its consent." *Id.* at 425.

This case presents a different question: whether the plaintiff must prove the defendant's intent to enter the property, or only the fact of entry. *Cf. id.* at 418–25. New 99 concedes that Ray's trespass was "not intentional or voluntary in the sense that Ray was apparently unconscious at the time, having suffered a heart attack." But New 99 contends that "whether the unauthorized entry was voluntary or intentional is irrelevant, as a matter of law." And New 99 argues that in any event, Ray's intent to drive the truck down the road was sufficient to satisfy any intent requirement.

Matheson responds that trespass is not a strict liability tort, and "only a 'physical, intentional, and voluntary' entry onto another's land will subject a person to trespass liability," citing cases including this Court's opinion in *Randall Noe Chrysler Dodge, LLP v. Oakley Tire Co.*, 308 S.W.3d 542, 548–49 (Tex. App.—Dallas 2010, pet. denied). In *Randall Noe*, we explained:

> To recover damages for trespass to real property, a plaintiff must prove that (1) the plaintiff owns or has a lawful right to possess real property, (2) the defendant entered the plaintiff's land **and the entry was physical, intentional, and voluntary,** and (3) the defendant's trespass caused injury to the plaintiff. *Wilen v. Falkenstein,* 191 S.W.3d 791, 798 (Tex. App.—Fort Worth 2006, pet. denied). Concerning the intent element of the tort, trespass requires only proof of interference with the right of possession of real property; **the only relevant intent is that of the actor to enter the property**. *Id.*

*Id.* (emphasis added).

Matheson also cites this Court's opinion in *Malouf v. Dallas Athletic Country Club*, 837 S.W.2d 674, 676 (Tex. App.—Dallas 1992, writ dism'd w.o.j.), where we explained, "[a] trespass is usually regarded as an intentional tort in the sense that it involves an intent to commit an act which violates a property right, or would be practically certain to have that effect, although the actor may not know that the act he intends to commit is such a violation." *See also Warwick Towers Council of Co-Owners v. Park Warwick, L.P.*, 298 S.W.3d 436, 448 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (collecting cases for this proposition). And Matheson argues that after *EPS*, the supreme court continued to describe trespass as "generally, an intentional tort." *Town of Dish v. Atmos Energy Corp.*, 519 S.W.3d 605, 607 n.2 (Tex. 2017).

New 99 distinguishes all of Matheson's cases except *Town of Dish* on the ground that they pre-date *EPS*, and argues that *Town of Dish*'s reference to trespass as an "intentional tort" does not change the "clear language" in *EPS* that there are

only three required elements in a trespass claim.[1] New 99 concludes that in *EPS*, the supreme court made "an exhaustive 174-year historical review of the common law trespass to real property claim" and "unequivocally concluded" that a cause of action for trespass lacks any intent requirement.[2]

In *EPS*, the court relied on its historical precedents in deciding the burden of proof issue before it, including its opinion in *Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 827 (Tex. 1997). *See EPS*, 457 S.W.3d at 421. The court in *EPS* favorably cited *Cowan* for the proposition that "[i]n recent years, this Court's definition of a common law trespasser has remained consistent with our historical precedent" that "'every *unauthorized* entry upon land of another is a trespass.'" *EPS*, 457 S.W.3d at 421 (quoting *Cowan*, 945 S.W.2d at 827, and adding emphasis).

In *Cowan*, however, the court also discussed the intent required for a trespass claim, explaining that for "the tort of trespass," "the only relevant intent is that of

---

[1] New 99 also cites *N. Shore Energy, L.L.C. v. Harkins*, 501 S.W.3d 598, 605 (Tex. 2016) (per curiam), and *Lightning Oil Co. v. Anadarko E&P Onshore, LLC*, 520 S.W.3d 39, 46 (Tex. 2017), for the supreme court's description of trespass as an "unauthorized entry upon the land of another," without mention of any required intent. We note that neither case addressed the question whether a cause of action for trespass requires proof of the defendant's intent to enter the property. *See Harkins*, 510 S.W.3d at 606 (issue was whether plaintiff had standing to sue for geophysical trespass under an oil and gas option contract); *Lightning Oil Co.*, 520 S.W.3d at 51 (small amount of minerals that would be lost through drilling activities at issue was "not a sufficient injury to support a claim for trespass").

[2] New 99 also cites three opinions from this Court describing trespass as entry on land without consent. Intent to enter the property was not an issue in any of these cases, however. *See Williams v. City of Dallas*, 53 S.W.3d 780, 788 (Tex. App.—Dallas 2001, no pet.) (trespass claim arose from search and seizure pursuant to search warrant and was barred by related federal court litigation); *Gen. Mills Rests., Inc. v. Tex. Wings, Inc.*, 12 S.W.3d 827, 833 (Tex. App.—Dallas 2000, no pet.) (abrogated in *EPL* for its statement that consent is an affirmative defense to trespass) (plaintiff raised fact issue on lack of consent to trespasses in its parking lot); *JNC Enters. v. Hutson Indus., Inc.*, No. 05-01-01711-CV, 2002 WL 1772967, at *1 (Tex. App.—Dallas Aug. 2, 2002, no pet.) (not designated for publication) (stating that causation of injury is essential element of trespass; affirming summary judgment for defendant in the absence of fact issue on causation of injury from alleged flow of pollutants from defendant's property to plaintiff's).

the actor to enter the property. The actor's subjective intent or awareness of the property's ownership is irrelevant." *Cowan*, 945 S.W.2d at 827. Mistake, good faith, awareness of the property's ownership, and motive prompting the trespass are all immaterial. *See id.* But the court did not dispense with the intent element altogether. *See id.* Instead, the court began its discussion by stating the intent that is relevant in a trespass claim: "that of the actor to enter the property." *Id.* The court in *EPS* did not address this issue or question *Cowan* in any respect. *See EPS*, 457 S.W.3d at 421.

In *Cowan*, the court relied on its earlier decision in *Argonaut Southwest Insurance Co. v. Maupin*, 500 S.W.2d 633, 635 (Tex. 1973). *See Cowan*, 945 S.W.2d at 827. In *Maupin*, the issue was insurance coverage for an intentional tort. *See Maupin*, 500 S.W.2d at 634. The plaintiff in the underlying suit sued for trespass claiming that the insureds "intentionally, wrongfully and willfully" entered on property and inflicted damage by taking dirt, sand, gravel, and rock from the property when they did not have permission to do so from the owner. *Id.* at 636. The insureds admitted they took the materials from the property, but claimed that they believed they had permission to do so from the owner. *Id.* at 635. The court held there was no "accident" or "occurrence" under the policy because the conduct alleged was an intentional trespass. *Id.* The court explained that because the insureds "did exactly what they intended to do" by removing the materials, their "acts were

–8–

voluntary and intentional, even though the result or injury may have been unexpected, unforeseen and unintended." *Id.* at 635.

Here, in contrast, it is undisputed that Ray was unconscious when he entered the property. Although as New 99 argues, Ray initially had intent to be driving down the road, he had no intent to enter New 99's property. At the time of the accident, he had no intent at all. New 99 argues that the invasion of its property right is sufficient to constitute a trespass. We conclude, however, that the court's reasoning in *EPS* and its ultimate holding about the plaintiff's burden of proof did not *sub silentio* overrule the longstanding principle that a cause of action for trespass requires proof of the actor's intent to enter the property. *See Cowan*, 945 S.W.2d at 827.

Matheson also relies on section 166 of the Restatement (Second) of Torts, entitled "Non-Liability for Accidental Intrusions" in support of its arguments. Section 166 provides that "an unintentional and non-negligent entry" on another's land does not subject the actor to liability for trespass, even though the entry causes harm. RESTATEMENT (SECOND) OF TORTS § 166 ("Non-Liability for Accidental Intrusions").[3] Matheson particularly emphasizes one of section 166's illustrations:

---

[3] We note that Tentative Draft No. 2 of the Restatement (Fourth) of Property section 1.5 would replace sections 164–66 of the Restatement (Second) of Torts with a provision entitled "Intent Required for Trespass to Land," providing, "To be subject to liability for trespass to land, the actor must intend to make physical contact with, or intend to remain on, or intend to cause a thing or person to make physical contact with or remain on, land that is in another's possession. The actor need *not* intend to violate another's possessory rights. Nor is it necessary for the actor to know, or to have reason to know, that the land is in the possession of the other." RESTATEMENT (FOURTH) OF PROPERTY § 1.5 (AM. LAW INST., Tentative Draft No. 2 (2021)); *see also id.* cmt. a (noting that section 1.5 replaces Restatement (Second) of Torts §§ 164– 66).

A, while driving his automobile along the street in the exercise of due care, is suddenly overcome by a paralytic stroke, which he had no reason to anticipate. He loses control of the automobile and falls across the steering wheel, thereby turning the car so that it runs upon and damages B's lawn. A is not liable to B.

*Id.* § 166 cmt. b, illus. 2.

New 99 responds that the supreme court has never adopted section 166, precluding this Court from doing so. But the supreme court has not rejected either section 166 or its underlying principle that trespass requires intent to enter property. The single reference the supreme court has made to section 166, in *Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909 (Tex. 2013), was a parenthetical noting that a lower court had relied on it in concluding that "different recoveries are available" for trespass "depending on whether the trespass was committed intentionally, negligently, accidentally, or by an abnormally dangerous activity." *See id.* at 920 (citing *Watson v. Brazos Elec. Power Co-op., Inc.*, 918 S.W.2d 639, 645 (Tex. App.—Waco 1996, writ denied), and noting *Watson*'s citations to Restatement sections 158, 165, and 166).[4] But in *Coinmach*, a dispute over termination of a lease, the court did not consider the question presented here because it was undisputed that Coinmach refused to vacate the premises and claimed an interest in the property. *See id.* at 913–14. Whether the refusal was willful, intentional, or malicious remained to

---

[4] In *Watson*, the court cited section 166 but had no reason to apply it because the plaintiff pleaded and produced evidence of "a trespass predicated upon a negligent act." *See Watson*, 918 S.W.2d at 645–46 (quoting Restatement sections 158 and 165, regarding intentional and negligent entry on another's land).

be resolved in order to determine damages, *see id.* at 921–23, but Coinmach's intent to remain in the property—the act constituting the trespass—was not in dispute.

The parties have cited several other Texas appellate cases referencing section 166.[5] Only one, however, involved a driver who may have been rendered unconscious before the trespass occurred. In *First City National Bank of Houston v. Japhet*, 390 S.W.2d 70, 71–72 (Tex. Civ. App.—Houston 1965, writ dism'd), a motorist's car ran on to the plaintiff's land. It was undisputed that the motorist suffered a heart attack and died, but the parties disputed whether the motorist was conscious when his car entered the plaintiff's land. *Id.* at 72. Discussing and applying section 166, the court reversed the directed verdict in the plaintiff's favor and remanded the case for a jury trial on the issue of unavoidable accident "and also, if pleaded, an issue as to whether [the driver] died or was incapacitated because of a sudden and unanticipated heart attack prior to leaving the roadway." *Id.* at 74.

In *Ruiz v. Forman*, 514 S.W.2d 817, 818–19 (Tex. Civ. App.—El Paso 1974, writ dism'd), in contrast, the defendant intentionally turned his car off the road to avoid hitting a suddenly-swerving truck. The court refused to apply section 166 because "the defendant intended the act which resulted in the trespass, although there

---

[5] *See, e.g., Gen. Tel. Co. v. Bi-Co Pavers, Inc.*, 514 S.W.2d 168, 170–71 (Tex. Civ. App.—Dallas 1974, no writ) (citing section 166 in concluding there was no trespass where a paving contractor who severed a telephone cable buried in a conduit "did not intend to intrude into the space where the cable was maintained"); *see also Ruiz v. Forman*, 514 S.W.2d 817, 818–19 (Tex. Civ. App.—El Paso 1974, writ dism'd) (discussed below, concluding that section 166 did not apply when the defendant intended the act resulting in the trespass).

–11–

was no intentional invasion of the plaintiff's property." *Id.* at 819. The court concluded that under the supreme court's opinion in *Mountain States Tel. & Tel. Co. v. Vowell Constr. Co.*, 341 S.W.2d 148, 150 (Tex. 1960), section 166 would not apply.

In *Mountain States*, the defendant construction company severed the plaintiff's communications cable while using a scraper to prepare a street for paving. *Id.* at 149. The supreme court held that because "the scraper was deliberately and intentionally used in making a cut to the designated subgrade," the plaintiff had established a claim for trespass even though the defendant did not intend to cut the cable. *See id.* at 150.

The court in *Ruiz* also relied on *Schronk v. Gilliam*, 380 S.W.2d 743, 745–46 (Tex. Civ. App.—Waco 1964, no writ), where the defendant dropped poison on the plaintiff's land from an airplane. In *Schronk*, the court drew a distinction between "the intent or motive prompting the trespass," which is "immaterial," and the intent "to make the entry," which is the basis for trespass liability. *Id.* at 746.

In all three cases, the defendant "intended the act which resulted in the trespass." *Ruiz*, 514 S.W.2d at 819 (Ruiz "intentionally turned his automobile off the road and this caused the invasion of the plaintiff's property"); *Mountain States*, 341 S.W.2d at 436 ("the scraper was deliberately and intentionally used in making a cut to the designated subgrade"); *Schronk*, 380 S.W.2d at 746 ("an aircraft was intentionally and deliberately used in traversing airspace" although "not intended to

violate [the plaintiffs'] surface property rights"). This case is different. Here, as we have discussed, the evidence is undisputed that Ray did not "intend[ ] the act which resulted in the trespass." *See Japhet*, 390 S.W.2d 73; *cf. Ruiz*, 514 S.W.2d at 819.

Without evidence of intent, New 99's trespass claim fails as a matter of law. *See*, *e.g.*, *Cowan*, 945 S.W.2d at 827. In so concluding, we reject New 99's contention that Ray's intent to drive down the road is sufficient. The undisputed evidence showed that when Ray's truck left the roadway and entered New 99's property—the "act which resulted in the trespass"—Ray was unconscious. Ray's intent to drive the truck at some earlier time in a different place does not constitute the required intent "to enter the property." *See id*.

We conclude that summary judgment was proper on New 99's claim for trespass. We decide New 99's first issue against it.

**2. Unavoidable accident**

Matheson moved for traditional summary judgment on its defense of unavoidable accident. Unavoidable accident, an inferential rebuttal defense, may be raised where the evidence shows that conditions beyond the defendant's control caused the accident. *See Dillard v. Tex. Elec. Coop.*, 157 S.W.3d 429, 432 (Tex. 2005). In its second issue, New 99 argues that the unavoidable accident defense is limited to negligence claims; it is not a defense to trespass "because neither intentional nor voluntary entry is a required element" of trespass.

–13–

We have concluded that summary judgment was proper on New 99's trespass claim because there was no evidence of intent. And New 99 has explained that in this appeal, it is challenging only the trial court's ruling on its trespass claim, not on its claim for negligence. Consequently, we need not consider whether Matheson's unavoidable accident defense was an alternative ground supporting the judgment on New 99's trespass claim, and we pretermit further discussion of New 99's second issue. *See FM Props. Operating Co.*, 22 S.W.3d at 872 (discussing applicable standards of review).

## 3. Respondeat superior

In its third issue, New 99 argues that because "there are at least fact questions regarding whether Ray is liable for trespass . . . there [is] likewise a fact issue on whether Matheson was also liable to New 99 for trespass under respondeat superior." *See*, *e.g.*, *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 757 (Tex. 2007) (employer may be vicariously liable for employee's tort under the theory of respondeat superior if the employee's actions are within the course and scope of his employment). Because we have concluded that summary judgment was proper on New 99's trespass claim, we decide this issue against New 99.

## CONCLUSION

The trial court's judgment is affirmed.

/Leslie Osborne//
_____
LESLIE OSBORNE
JUSTICE

200626f.p05

–14–



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

NEW 99 ENTERPRISES, INC.,
Appellant

No. 05-20-00626-CV          V.

MATHESON TRI-GAS, INC.,
Appellee

On Appeal from the 191st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-18-07389.
Opinion delivered by Justice
Osborne. Justices Schenck and
Partida-Kipness participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Matheson Tri-Gas, Inc. recover its costs of this appeal from appellant New 99 Enterprises, Inc.

Judgment entered this 6th day of May, 2022.